# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARVIN W. HAMM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-14-359-SPS |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER AWARDING
## ATTORNEYS' FEES TO THE PLAINTIFF UNDER THE EAJA

The Plaintiff was the prevailing party in this appeal of the Commissioner of the Social Security Administration's decision denying benefits under the Social Security Act. He seeks attorneys' fees in the amount of $6,840.00, under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. *See* Plaintiff's Motion for Attorney Fees Pursuant to the *Equal Access to Justice Act* [Docket No. 22].[1] The Commissioner objects to the award of fees and urges the Court to deny the request. For the reasons set forth below, the Court concludes that the Plaintiff should be awarded the requested fees and costs under the EAJA as the prevailing party herein.

On appeal, the Plaintiff asserted that the ALJ made a number of errors, including errors of assessing the medical and non-medical source opinions and properly

---

[1] The Plaintiff's Motion reflects that counsel actually spent 45.0 hours for an unreduced fee of $8,550.00, but that counsel exercised billing judgment and cut his fee by 20% to arrive at the above-mentioned fee request. *See* Docket No. 22, p. 2 & Ex. 2.

considering the claimant's obesity at step four. This Court agreed with those assertions and reversed with the instructions for the ALJ to properly consider the claimant's obesity, as well as all of his impairments – both severe and nonsevere – singly and *in combination*. *See* Docket No. 20. The Commissioner's opposition to the present fee request is based on the assertion that her position with regard to the ALJ's obesity analysis was substantially justified because "a reasonable person" could find the ALJ's analysis sufficient. *See* 28 U.S.C. § 2412(d)(1)(A) ("[A] court shall award to a prevailing party . . . fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."). The Court disagrees. In order to establish substantial justification, the Commissioner must show that there was a reasonable basis for the position she took not only on appeal but also in the administrative proceedings below. *See, e. g., Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992) ("We consider the reasonableness of the position the Secretary took both in the administrative proceedings and in the civil action Plaintiff commenced to obtain benefits."), *citing Fulton v. Heckler*, 784 F.2d 348, 349 (10th Cir. 1986). *See also Marquez v. Colvin*, 2014 WL 2050754, at *2 (D. Colo. May 16, 2014) ("For purposes of this litigation, the Commissioner's position is both the position it took in the underlying administrative proceeding and in subsequent litigation defending that position."). The ALJ attempts to provide a reasonable *post hoc* basis that the ALJ's opinion reflected that he considered the claimant's obesity but was not required to discuss it, and that his analysis was sufficient. Inasmuch as it was the ALJ's obligation to provide such a proper analysis, *see, e. g., Clifton v. Chater,* 79 F.3d 1007, 1009 (10th Cir.

1996) ("In the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion[.]"). *See also Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) ("Although we review the ALJ's decision for substantial evidence, 'we are not in a position to draw factual conclusions on behalf of the ALJ.'"), *quoting Prince v. Sullivan*, 933 F.2d 598, 603 (7th Cir. 1991), it is difficult to see how anything said on appeal could justify the ALJ's failure to do so in light of this Court's findings with regard to the ALJ's obesity analysis and failure to consider *all* his impairments in combination. *See Hackett v. Barnhart*, 475 F.3d 1166, 1174 (10th Cir. 2007) ("[W]e hold that EAJA 'fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position.'"), *quoting United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002).

The Court therefore concludes that the Plaintiff should be awarded attorney's fees and costs as the prevailing party under the EAJA. *See, e. g., Gibson-Jones v. Apfel,* 995 F. Supp. 825, 826-27 n.3 (N.D. Ill. 1998) (holding that the Commissioner's position was not substantially justified where the ALJ provided an inadequate basis for denying benefits and adding: "It would be unfair to require Ms. Gibson-Jones to appeal her denial of benefits and then not award her attorney's fees because the ALJ is given a second chance to support his position.").

Accordingly, IT IS ORDERED that the Plaintiff's Motion for Attorney Fees Pursuant to the *Equal Access to Justice Act* [Docket No. 22] is hereby GRANTED and that the Government is hereby ordered to pay attorney's fees in the amount of $6,840.00

to the Plaintiff as the Prevailing party herein. IT IS FURTHER ORDERED that if the Plaintiff's attorney is subsequently awarded any fees pursuant to 42 U.S.C. § 406(b)(1), said attorney shall refund the smaller amount of such fees to the Plaintiff pursuant to *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986).

    **IT IS SO ORDERED** this 1st day of July, 2016.

                                                Steven P. Shreder
                                                United States Magistrate Judge
                                                Eastern District of Oklahoma